IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD STANLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ATLANTA, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br><br> FILE NO. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, RICHARD STANLEY, by and through his counsel of record, and sets forth this Complaint for Damages against the above-named Defendant, CITY OF ATLANTA (hereinafter "Defendant" or "Defendant Employer"). Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This action is for violations of the Fair labor Standards Act, as amended, 29 U.S.C. § 201 et seq (hereinafter the "FLSA") and other related causes of action. Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorney's fees and costs.

- 1 -

## VENUE

2. Defendant to this action resides or is located within the boundaries of this judicial district, and venue is proper pursuant to, inter alia, 28 U.S.C. § 1391(b)(2) as the unlawful acts complained of herein occurred within the geographic boundaries of this Court.

## PARTIES

3. This Court has personal jurisdiction over Defendant Employer.

4. Defendant Employer may be served by delivering a copy of the summons and complaint to the City of Atlanta Mayor Keisha Lance Bottoms to wit: 55 Trinity Avenue, SW #2500, Atlanta, GA 30303.

5. Defendant City of Atlanta is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) as it is an entity which acted directly and indirectly in the interest of an employer in relation to Plaintiff, its employee, and controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. This action involves claims of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, as amended, based upon Defendant's failure to compensate

Plaintiff for actual hours worked, unjust enrichment, and failure to properly collect and record data pursuant to 29 U.S.C. § 211.

7. At all times relevant hereto, Plaintiff was an employee of Defendant and Defendant Employer is a public agency engaged in fire protection or law enforcement activities as defined by the FLSA.

8. On or about 21 March 2019, Plaintiff was converted from a 40-hour work week to a 53-hour work week when he transferred to Field Operations with the City of Atlanta Fire Department.

9. After Plaintiff's conversion to a 53-hour per week employee, Plaintiff worked 120 hours for the two weeks that followed in March and into April of 2019.

10. Plaintiff was paid every two weeks.

11. During the two-week period of 21 March to 3 April 2019, Plaintiff was not compensated for the overtime worked.

12. Pursuant to 29 U.S.C. § 207 of the FLSA and 29 U.F.R. § 553.210, Plaintiff was a non-exempt employee during the period in question.

13. Despite having worked 120 hours during the relevant period as a 53-hour employee, on 12 April 2019, Plaintiff received compensation for only 80 total hours.

14. Defendant knew or should have known of Plaintiff's overtime during this period.

15. Plaintiff should have been compensated for the total hours worked during the two-week pay period in question.

16. Later, on 3 January 2020, Plaintiff was incorrectly compensated for the 25 December 2019 Christmas Holiday.

17. The next pay period, Defendant incorrectly deducted time from the following holiday when Plaintiff actually worked and should have received time and a half.

18. As a result, Plaintiff was incorrectly and insufficiently compensated for the period of 26 December 2019 to 8 January 2020.

19. Plaintiff was deducted holiday and premium pay for the 1 January 2020 Holiday when he was actually working, resulting in a deficit of $246.69 that was withheld from his paycheck.

## COUNT ONE:
## VIOLATIONS OF 29 U.S.C. § 207 & 29 C.F.R. § 553.230

20. The previous paragraphs are re-alleged by the Plaintiffs as if fully set forth herein.

21. Defendant Employer did not compensate Plaintiff for the full number of hours worked during the period of 21 March to 3 April 2019. Defendant only compensated Plaintiff for 80 hours instead of the 120 hours that he actually worked.

22. According to 29 C.F.R. § 553.230 (a):

> For those employees engaged in fire protection activities who have a work period of at least 7 but less than 28 consecutive days, no overtime compensation is required under section 7(k) until the number of hours worked exceeds the number of hours which bears the same relationship to 212 as the number of days in the work period bears to 28.

*See also* Department of Labor Wage and Hour Fact Sheet #8: Law Enforcement and Fire Protection Employees Under Fair Labor Standards Act (FLSA).

23. Defendant Employer failed to pay Plaintiff for overtime in violation of Federal Regulation which required that he be paid overtime for hours exceeding 53 hours per week or 106 hours for the 14 days period in question.

24. Defendant deprived Plaintiff of his lawful compensation due under the FLSA from 21 March to 3 April 2019 when his hours exceeded a total of 106 during the 14-day period as a non-exempt employee under 29 U.S.C. § 207 and 29 U.F.R. § 553.210.

25. Due to Defendant's violations of the FLSA, Plaintiff was deprived of approximately $469.52 for the work performed from 21 March to 3 April 2019.

## COUNT TWO:
## VIOLATIONS OF 29 U.S.C. § 211 & 29 C.F.R. § 516

26. The previous paragraphs are re-alleged by the Plaintiff as if fully set forth herein.

27. Defendant Employer violated 29 U.S.C. § 211 of the FLSA by failing to correctly maintain records of the hours Plaintiff worked each day and the total hours worked each workweek.

28. Defendant's time sheets and pay slips maintained for Plaintiff's work hours do not completely and accurately reflect the hours worked on the relevant dates in question.

29. As a result of Defendant Employer's failure to maintain proper records in compliance with the FLSA's requirements and corresponding regulations, on 12 April 2019 Plaintiff was not paid the aforementioned overtime that he worked during the corresponding period of 21 March 2019 through 3 April 2019.

30. Also as a result of Defendant Employer's failure to maintain proper records in compliance with the FLSA's requirements and corresponding regulations, Plaintiff did not receive proper or adequate compensation on 17 January 2020 when he was paid for the corresponding period of 26 December 2019 to 8 January 2020 after he worked on the 1 January 2020 Holiday.

31. Due to Defendant's violations of the FLSA, Plaintiff was deprived of at least $246.69 for the period of 26 December 2019 to 8 January 2020.

## COUNT THREE:
## DEFENDANT WAS UNJUSTLY ENRICHED BY PLAINTIFF'S WORK

32. The previous paragraphs are re-alleged by the Plaintiff as if fully set forth herein.

33. Plaintiff performed valuable services on behalf of the Defendant during the period of 21 March to 3 April 2019.

34. Plaintiff's services were performed at the request of the Defendant.

35. Defendant refused to compensate Plaintiff for the actual hours worked during the aforementioned period after various attempts by Plaintiff to correct the problem.

36. Plaintiff fully expected to be compensated for the actual hours worked during the time in question.

37. Defendant benefited from the services provided by Plaintiff during the 40 additional hours that he worked from 21 March to 3 April 2019.

38. Defendant was unjustly enriched by the additional hours that Plaintiff worked but was not compensated for from 21 March to 3 April 2019 as Defendant received valuable services during this time at no cost to itself and a detriment to Plaintiff.

39. Defendant was again benefited by Plaintiff's services when he worked on New Year's Day 2020.

40. According to City Ordinance § 114-414(c), Plaintiff was to be paid time and half ("premium pay") during holiday hours actually worked.

41. Plaintiff did not receive credit for the hours he actually worked and was not compensated the additional pay for the hours worked on the New Year's Holiday due to Defendant's failure to maintain accurate records in compliance with the FLSA and corresponding regulations.

- 8 -

42. Defendant was unjustly enriched by Plaintiff's work on 1 January 2020 because he was entitled to greater pay and was not fully compensated for the valuable services performed.

43. Plaintiff was deprived a total of at least $716.21 in pay due to Defendant's violations of the FLSA.

44. Defendant Employer's willful failure to correct these errors despite Plaintiff's numerous attempts to resolve these matters without resort to litigation gives rise to a claim for relief by Plaintiff in the amount of his unpaid wages and in an additional equal amount as liquidated damages, reasonable attorney's fees, compensatory and punitive damages, and costs of bringing this action.

WHEREFORE, Plaintiff demands the following relief:

a) that Summons issue;

b) that Defendant Employer be served with Summons and Complaint;

c) that judgment be issued against Defendant Employer for any and all general, special, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

d) or injunctive relief;

e) for all costs of this action to be taxed against Defendant Employer;

f) for all costs and attorney's fees to be awarded to Plaintiff; and

g) for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 2nd day of April 2021.

|  |  |
|---|---|
| SEXTON LAW FIRM, LLC<br>124 Atlanta Street<br>McDonough, GA 30253<br>770-474-9335 / 866-529-0828 fax<br>jacob@sextonlawfirm.com<br>jsexton@sextonlawfirm.com | */s/Jacob A. Weldon*<br>Jacob A. Weldon<br>Georgia Bar No. 966930<br>Jonathan P. Sexton<br>Georgia Bar No. 636486<br>*Attorneys for Plaintiff* |